UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JAMES WALTER WILLIAMSON**                              **CIVIL ACTION**

**VERSUS**                                               **NO. 09-4539**

**HERCULES OFFSHORE, INC.**                              **SECTION "K"(1)**

## ORDER AND OPINION

Before the Court is the "Motion in Limine to Exclude the Testimony of John Gardner" filed on behalf of defendant Hercules Offshore, Inc. (Doc. 26). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motion.

Plaintiff retained John Gardner as an economic expert to testify concerning, among other things, plaintiff's future wage loss. Defendant seeks to exclude Dr. Gardner as an expert witness urging that his conclusions concerning plaintiff's future wage loss are unreliable because there is no factual foundation for the assumptions he used to calculate plaintiff's future loss wages. Defendant also contends that Mr. Gardner erroneously disregarded the holding of *Culver v. Slater Boat Company*, 722 F.2d 114 (5th Cir. 1983)(herein after "*Culver II*") with respect to discounting a calculation of plaintiff's future loss wages to present value and that Dr. Gardner 's conclusions are sufficiently prejudicial to outweigh their probative value and should therefore be excluded from evidence.

LAW AND ANALYSIS

Federal Rule of Evidence 702 states:

If scientific, technical, or other specialized knowledge will assist the trier of fact to

> understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The rule reflects the Supreme Court's decisions of *Daubert*, 509 U.S. 579, 113 S. Ct. 2786 (1993) and *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 119 S. Ct. 1167 (1999). *Daubert* charges trial courts to act as "gate-keepers" to ensure that the proffered expert testimony is both relevant and reliable. *Daubert*, 509 U.S. at 589, 592-93, 113 S. Ct. at 2795, 2796. The relevant and reliable standard announced in *Daubert* for scientific expert testimony applied to all types of expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. at 147, 119 S. Ct. at 1171.

*Daubert* provides a two-prong test for determining the admissibility of expert testimony. The court "must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert*, 509 U.S. at 592, 113 S. Ct. at 2796. Both prongs of the *Daubert* test must be satisfied before the proffered expert testimony may be admitted. *Id.* at 595, 113 S. Ct. at 2796. This analysis "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.*

Thus, the first prong of *Daubert* focuses on whether the expert testimony is based on a reliable methodology. In determining an expert's reliability, the Court's focus "must be solely on principles and methodology, not on the conclusions that they generate." *Id.* at 595, 113 S. Ct. at 2797, 125 L.Ed.2d at 484. The second prong, i.e., whether the proposed testimony will assist the trier of fact to understand or determine a fact in issue, goes primarily to the issue of relevancy.

*Daubert*, 509 at 591. Defendant does not challenge the relevance of Dr. Gardner's economic testimony.

When expert testimony is challenged under *Daubert*, the burden of proof rests with the party seeking to present the testimony. *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269 (5th Cir. 1998). To meet this burden, a party cannot simply rely on its expert's assurances that he has utilized generally accepted scientific methodology. Rather, some objective, independent validation of the expert's methodology is required. *Id.* Nonetheless, as Judge Vance stated in *Scordill v. Louisville Ladder Group, L.L.C.*, 2003 WL 22427981 at *3 (E.D. La. October 24, 2003):

> The Court notes that its role as a gatekeeper does not replace the traditional adversary system and the place of the jury within the system. *See Daubert*, 509 U.S. at 596. As the *Daubert* Court noted, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id.* (citing *Rock v. Arkansas,* 483 U.S. 44, 61, 107 S. Ct. 2704, 97 L.Ed.2d 37 (1987)). The Fifth Circuit has added that, in determining the admissibility of expert testimony, a district court must defer to "'the jury's role as the proper arbiter of disputes between conflicting opinions. As a general rule, questions relating to the bases and sources of an expert's opinion rather than its admissibility and should be left for the jury's consideration.'" *United States v. 14.38 Acres of Land, More or Less Sit. in Leflore County, Miss.* 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987).

In urging that Dr. Gardner's anticipated testimony is unreliable, defendant challenges Dr. Gardner's calculation that plaintiff had an annual earning base of $158,444.00 and Dr. Gardner's calculation of plaintiff's after-tax annual earnings. Additionally, defendant attacks Dr. Gardner's assumptions that Mr. Williamson would have earned annual raises of 3.78% for the remainder of his work life, that he would have continued working overseas throughout the remainder of his work life, and that he would have worked three years longer than the life expectancy prediction published by the United States Department of Labor. Those calculations and assumptions do not render Dr.

Gardner's anticipated testimony unreliable. In his deposition Dr. Gardner provides a base and source for those assumptions and calculations which render them admissible.  Dr. Gardner's testimony, including that related to the previously identified calculations and assumptions,  will be subject to vigorous cross examination, and Dr. Kenneth boudreaux, defendant's economic expert witness will offer contrary testimony.  It is for the  jury, in its role as fact finder, to make the ultimate determination concerning the validity of Dr. Gardner's assumptions and the credibility of his calculations.  Moreover, because the probative value of Dr. Gardner's economic testimony is not "substantially outweighed by the danger of unfair prejudice" Rule 403 of the Federal Rules of Civil Procedure does not render his testimony inadmissible.

Defendant also contends that Dr. Gardner's testimony is unreliable because he failed to use the below market discount rate "mandated" in *Culver v. Slater Boat Company*, 722 F.2d 114 (5th Cir. 1983) (herein after *Culver II*") to  calculating plaintiff's future loss wages. Contrary to defendant's contention, *Monessen Southwestern Railway Co. v. Morgan*, 486 U.S. 330, 108 S.Ct. 1837, 100 L.Ed.2d 349 (1988), not *Culver II,* sets out the relevant law with respect to discounting future loss wages to present value.  In *Monessen* the Supreme Court reiterated that "the present value calculation is to be made by the 'trier of fact.'"  *Id.* at 341, 108 S.Ct. at 1845.  The Supreme Court opined that the trial judge "may recommend to the jury one or more methods" for estimating present value, but concluded that the trial judge's instructions may not impose "rigid  mathematical limitation[n]." *Id.* at 342, 108 S.Ct. at 1846 (internal quotation and citation omitted).  Moreover, in *Masinter v. Tenneco Oil Co.*, 929 F.2d 191 (5th Cir. 1991), the Fifth Circuit Court of Appeals reiterated that in *Culver II* the court had not mandated any specific discount rate but rather had "explained that parties may introduce expert opinion concerning the appropriate [discount] rate."

4

Because *Culver II* no longer controls the determination of the discount rate to be used in calculating plaintiff's future loss wages, defendant's contention fails. Accordingly, the Court denies defendant Hercules Offshore Inc.'s "Motion in Limine to Exclude the Testimony of John Gardner" (Doc. 43).

New Orleans, Louisiana, this 11th day of January, 2011.

                                    STANWOOD R. DUVAL, JR.
                                UNITED STATES DISTRICT JUDGE