UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES WALTER WILLIAMSON                           CIVIL ACTION

VERSUS                                            NO. 09-4539

HERCULES OFFSHORE, INC.                           SECTION "K"(1)

## ORDER AND OPINION

Before the Court is the "Defendant's Objections to Plaintiff's Exhibits"(Doc. 66). The Court makes the following rulings with respect to the objections urged by Hercules Offshore, Inc. "Hercules":

1. Plaintiff's Exhibit 27 - As indicated in the Order and Opinion addressing Hercules's "Motion in Limine," evidence of prior electrical problems is admissible only to the extent that it relates to plaintiff's comparative negligence and plaintiff's need to check the wire connections on the back of the breaker. Consistent with that prior ruling, the Court overrules defendant's objection in part and sustains it in part. Plaintiff must redact the email from Daniel Finley to plaintiff as follows:

- In the first paragraph, everything after "continuous electrical fires..." must be deleted.

- The second paragraph is acceptable.

- The remainder of Mr. Finley's e-mail must be removed.

The email from plaintiff to Mr. Finley must be redacted as follows:

- The second sentence must be excised.

- Everything after "while you were here." must be omitted.

2. Plaintiff's Exhibit 28 - Plaintiff has not made any showing that he had personal knowledge of this work order prior to his accident, and therefore the exhibit is not relevant to the issue of comparative negligence. Therefore, the objection is sustained.

3. Plaintiff's Exhibit 29 and 30 - Nothing in these exhibits is specific to the breaker on which plaintiff was working at the time of his alleged accident. Considering the admissibility of Plaintiff's Exhibit 27, as redacted, and the Court's prior determination in the Order and Opinion on defendant's motion in limine, that plaintiff will be allowed to testify about his concerns with the electrical systems aboard the rig and how those concerns led him to take the actions he took, the Court concludes that these exhibits are cumulative, and therefore sustains Hercules's objections to these exhibits.

4. Plaintiff's Exhibit 31 - Plaintiff has represented that Dr. Molleston has seen the medical illustrations and confirmed that they are accurate. The illustrations are relevant; the illustrations will assist the jury in understanding the surgical procedure undergone by plaintiff. Having reviewed the illustrations, the Court does not find the probative value of the illustrations to be substantially outweighed by the danger of unfair prejudice except as to the illustration entitled "Anterior Cervical Discectomy and Fusion." Therefore, the objection is sustained as to the illustration entitled "Anterior Cervical Discectomy and Fusion" and overruled as to the remaining illustrations.

5. Plaintiff's Exhibit 32 - The objection is overruled. The medical bills constitute relevant evidence on the issue of the nature and extent of plaintiff's injury.

6. Plaintiff's Exhibit 33 - The Court sustains the objection. The discovery propounded to Hercules and Hercules's response to that discovery is not admissible as an exhibit; however, the discovery and Hercules's response may be used by plaintiff as evidence of impeachment, if

appropriate.

7.  Plaintiff's Exhibit 34 - The Court agrees with defendant's contention that the exhibit constitutes hearsay, and therefore sustains Hercules's objection to the exhibit.  The Court notes however, that even though the exhibit is not admissible, plaintiff's expert may testify about the information included in the exhibit to the extent that it informed his opinion.

8.  Plaintiff's Exhibit 35 - Defendant urges that the photograph of the lineman gloves is cumulative evidence because it and plaintiff will introduce an actual pair of lineman gloves into evidence at the trial.  The Court concurs that the photograph of the gloves is cumulative if the actual gloves are introduced and accordingly sustains the objection to this exhibit.

9.  Plaintiff's Exhibit 36 - This exhibit consists of two Hercules electrical records - one dated April 7, 2008 and one dated July 24, 2009.  The Court will address the records separately.

   A.  April 7, 2008 record -   The Court defers its ruling on this exhibit until trial.  For this exhibit to be admissible, plaintiff must lay a foundation to show that plaintiff had knowledge of the document and must lay a foundation that the document is relevant to the issue of plaintiff's comparative negligence by establishing what in the document triggered or reinforced plaintiff's desire to check the wire connections on the back of the breaker.

   B.  July, 2009 - The Court sustains the objection.  This document reflects events that occurred after plaintiff's alleged accident, and therefore cannot be relevant to the issue of plaintiff's comparative negligence.  Additionally, the evidence is inadmissible because it is evidence of subsequent remedial measures and plaintiff does not contend that it is offering this exhibit for one of the permissible reasons stated in Rule 407 of the Federal Rules of Evidence.

10.  Exhibit 37 - The objection is sustained.  The requisition report originated after plaintiff's

accident and is not relevant to any issue involved herein.

11. Plaintiff's Exhibit 38 - Plaintiff seeks to introduce a blank Hercules Correction Action Report; defendant's objection to the exhibit is sustained. The blank report is not relevant evidence; it does not have "any tendency to make the existence or any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." F.R.E. 401. However, plaintiff may elicit from the appropriate witness information concerning whether a Corrective Actions Report was prepared following plaintiff's alleged accident and if not, why not.

12. Plaintiff's Exhibit 39 - Federal Rule of Evidence 407 prohibits evidence of subsequent remedial measures to prove, among other things, negligence. It does however, permit introduction of subsequent remedial measures for other purposes, such as "proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment." F.R.E. 407. Plaintiff represents that he seeks to introduce the evidence to show that the lack of any reference on the form to any failure on the part of plaintiff, other than his body position, is inconsistent with defendant's present theory of the case, i.e., that plaintiff's negligence was the sole cause of the accident. The evidence is relevant to the issue of comparative negligence. After laying a foundation for impeachment, plaintiff may use the exhibit as impeachment evidence to the extent that the form does not fault plaintiff for checking for loose wire connections on the back of the breaker and faults plaintiff for only his body position.

New Orleans, Louisiana, this 19th day of January, 2011.

                                            STANWOOD R. DUVAL, JR.
                                     UNITED STATES DISTRICT JUDGE