UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JAMES WALTER WILLIAMSON**  **CIVIL ACTION**

**VERSUS**  **NO. 09-4539**

**HERCULES OFFSHORE, INC.**  **SECTION "K"(1)**

### ORDER AND OPINION

Before the Court is the "Motion in Limine" filed on behalf of defendant Hercules Offshore, Inc. ("Hercules"); the motion is GRANTED in part and denied in part as indicated herein after.

1. Evidence Regarding the Condition of the Electrical System of the Rig 260, Other than the Circuit Breaker Involved in the Incident

This part of the motion in limine is granted in part and denied in part. Defendant contends that plaintiff's negligence in taking off his gloves and attempting to check the wire connections on the back of the breaker was the sole cause of the alleged accident. Considering that contention, the Court will permit testimony and exhibits concerning the condition of the rig's electrical system prior to the alleged accident to the extent that the testimony or exhibit relates to the issue of plaintiff's comparative negligence by virtue of raising plaintiff's concern about the need to check the wire connections on the back of the breaker. Any such testimony or exhibits will not be admissible for any other purpose. Additionally, the Court will not allow testimony or exhibits, other than Plaintiff's Exhibit 27 as ordered redacted, regarding specific instances of malfunction unless those instances involved loose wire connections or electrical equipment in the area where plaintiff was allegedly injured.

The Court will give the jury a limiting instruction to inform the jury that the general condition of the electrical system of the rig is not to be considered in deciding Hercules's liability,

but rather is to be considered by the jury only in determining whether plaintiff's negligence, if any, contributed to the accident. However, the specific location and physical configuration of the breaker the plaintiff was checking at the time of the alleged accident may be considered by the jury in determining the liability, if any, of the defendant.

    2. Evidence Regarding Alleged Delays in Requisitioning Equipment and Supplies for the Hercules 260

The motion is granted to the extent that the delays involved equipment and supplies which were not related to the brake popping circuit

    3. Evidence Regarding Any Alleged Issues With Regard to the Brake Popping Breaker After the Date of Plaintiff's Alleged Incident

The motion is granted. Evidence concerning alleged malfunctions of the brake popping breaker subsequent to the date of plaintiff's alleged accident are not relevant.

    4. Any Evidence, Argument, or Statements Regarding Other Marine Casualties, Including but not Limited to, the Deepwater Horizon

The motion is granted; plaintiff has not established that other marine casualties are relevant to any issue in this case.

    5. Evidence Regarding the National Electric Code

Even if the National Electric Code is not applicable to this foreign flagged rig drilling off the coast of India, evidence regarding the National Electric Code is relevant and admissible to the extent that it informed the opinion of plaintiff's expert George Casellas. Therefore, the motion in limine is denied insofar as it relates to this evidence.

    6. Evidence Regarding Plaintiff's Past Medical Bills

Plaintiff's past medical bills constitute relevant evidence of the nature and extent of plaintiff's injuries. Therefore, the motion in limine is denied to the extent that it seeks to exclude

evidence of plaintiff's past medical bills.

7. Evidence Regarding Post-Incident Circuit Breaker Order

The Court has sustained defendant's objection to Plaintiff's Exhibit 37, a printed requisition report for a circuit breaker concluding that the report originated after plaintiff's accident and that the report was therefore not relevant to any issue involved in this suit. For that same reason, the Court grants the motion in limine to the extent it seeks to exclude testimony regarding the post-incident order of a circuit breaker.

8. Evidence Regarding Subsequent Remedial Measure Report

In the Order and Opinion addressing "Defendant's Objections to Plaintiff's Exhibits," the Court concluded that after plaintiff establishes a foundation for impeachment that the Subsequent Remedial Measure Report may be used for impeachment purposes to the extent that the form does not fault plaintiff for checking for loose wire connections on the back of the breaker and faults plaintiff for only his body opposition. For those same reasons as those stated in the Order and Opinion addressing "Defendant's Objections to Plaintiff's Exhibits," and subject to the same limitations stated in that Order and Opinion, the Court denies defendant's motion to exclude testimony and exhibits referencing the Subsequent Remedial Measure Report.

New Orleans, Louisiana, this 19t[h] day of January, 2011.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE