UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JAMES WALTER WILLIAMSON**                              **CIVIL ACTION**

**VERSUS**                                                                         **NO. 09-4539**

**HERCULES OFFSHORE, INC.**                                 **SECTION "K"(1)**

## ORDER AND OPINION

Before the Court are James Williamson's objections to a number of exhibits sought to be introduced by defendant Hercules Offshore, Inc. The Court rules on each exhibit as indicated below.

1. Defendant's Exhibits 23-32 - Defendant has voluntarily withdrawn these exhibits; therefore, plaintiff's objections are moot.

2. Defendant's Exhibit 33 - The medical reports written by Dr. Robert Applebaum to counsel for defendant, concerning plaintiff constitute hearsay; therefore, plaintiff's objection is sustained. Dr. Applebaum will be able to refer to these reports during his testimony and may read from them.

3. Defendant's Exhibit 34 - This objection is moot; defendant has voluntarily withdrawn the exhibit.

4. Defendant's Exhibit 35 - Defendant seeks to introduce plaintiff's CIGNA Long Term Disability Claim File. The Court accepts defendant's representation that it totally funds the CIGNA Long Term Disability Plan. Nonetheless, considering that plaintiff's claim for long term disability benefits is contested by CIGNA, and has in fact been denied twice, and that the value of the benefits to be paid, if any, cannot be quantified, the Court finds that the issues related to the claim for offset are ephemeral and that the probative value of Exhibit 35 is substantially outweighed by the potential

confusion its introduction would cause the jury. Therefore, the objection is sustained. Moreover, the application of the collateral source rule is a question of law to be determined by the Court. In the event of a verdict in favor of the plaintiff, the Court will determine if the disability plan is subject to the collateral source rule. If it is not, the Court will make a determination as to a mechanism for reimbursement in the event any payments are ever made under the plan. *Phillips v. The Western Company of North America*, 953 F.2d 923 (5th Cir. 1992).

    4. Defendant's Exhibit 36 - Defendant seeks to introduce into evidence plaintiff's employment records from Pride Offshore and asserts that the records are relevant to demonstrate plaintiff's training and experience as an electrician. The Court concurs. Therefore, plaintiff's objection is overruled.

    5. Defendant's Exhibit 37- 46  - Defendant has voluntarily withdrawn these exhibits. Plaintiff's objections to these exhibits are moot.

    New Orleans, Louisiana, this 19th day of January, 2011.

    STANWOOD R. DUVAL, JR.
    UNITED STATES DISTRICT JUDGE