UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES WALTER WILLIAMSON            CIVIL ACTION

VERSUS            NO. 09-4539

HERCULES OFFSHORE, INC.            SECTION "K"(1)

## ORDER AND OPINION

Before the Court are defendant Hercules Offshore, Inc.'s objections to certain portions of depositions that will be read to the jury during trial. The Court rules as follows:

1. Deposition of Dan Finley

    A. Page 26, Line 11 - Page 29, Line 3
        Page 32, Line 22 - Page 35, Line 6
        Page 36, Line 21 - Page 40, Line 4
        Page 46, Line 25 - Page 47, Line 3
        Page 52, Line 8 - Page 53, Line 3

This testimony addresses the ordering of a replacement breaker for the one plaintiff was working on at the time of his alleged accident, but there is no indication of why a replacement breaker was ordered. Additionally, it appears that the replacement breaker was not installed. The testimony also involves malfunctions of the breaker that plaintiff tested that occurred subsequent to plaintiff's alleged accident. No one relates the subsequent malfunctions to any condition that existed in the breaker at the time of plaintiff's alleged injury or to loose wire connections, which is what plaintiff was checking at the time of the alleged accident. The probative value of this testimony which all involves acts subsequent to plaintiff's alleged accident is substantially outweighed by the danger of unfair prejudice to defendant. Therefore, defendant's objections to this testimony are sustained.

The Court, as noted in other rulings,[1] will permit the introduction of evidence of the general condition of the rig's electrical system to the extent that it relates to plaintiff's comparative negligence and plaintiff's need to check the wire connections on the back of the breaker.

B.  Page 53, Lines 4-9 - This testimony is relevant and is based on the deponent's personal knowledge.  The objection is overruled.

C.  Page 85, Line 9 - Page 86, Line 21 - The objection is sustained; the testimony is speculative.

D.  Page 40, Line 25 - Page 41, Line 9  - The objection is sustained.  The testimony is speculative and not based on the deponent's personal knowledge.

E.  Page 43, Lines 6 - 23  - The objection is overruled.  The testimony is relevant, and the probative value of the testimony is not substantially outweighed by the danger of unfair prejudice to defendant.

F.  Page 63, Line 6 - Page 64, Line 8  - The objection is overruled; the testimony is relevant.  The probative value of the testimony is not substantially outweighed by the danger of unfair prejudice to defendant.

G.  Page 67, Line 18 - Page 71, Line 15  - The objection is overruled; the testimony is relevant.  The probative value of the testimony is not substantially outweighed by the danger of unfair prejudice to defendant.

H.  Page 72, Line 23 - Page 74, Line 15  - The objection is overruled.  The testimony

---

[1] See Order and Opinion dated January 19, 2011 ruling on "Defendant's Objections to Plaintiff's Exhibits"(Doc. 90 ); Order and Opinion dated January 19, 2011 ruling on defendant Hercules's "Motion in Limine (Doc. 91).

is based on the personal knowledge of Mr. Finley and is relevant to the issue of plaintiff's concerns about loose wire connections. The probative value of the testimony is not substantially outweighed by the danger of unfair prejudice to defendant.

       I.  Page 74, Line 25 - Page 76, Line 3  -   The objection is sustained; the testimony is not relevant.

       J.  Page 76, Line 23 - Page 83, Line 5  - The objection is sustained.  The Court has already admitted evidence concerning the pre-accident condition of the electrical system to the extent that it relates to plaintiff's comparative negligence and plaintiff's need to check the wire connections on the back of the breaker.  Considering those rulings, the Court finds this testimony cumulative and concludes that the danger of unfair prejudice to defendant is substantially outweighs the probative value of the evidence.

       K.  Page 90, Line 1 - 8  - The objection is sustained; the testimony is irrelevant.

       L.  Page 96, Line 8 - Page 97, Line 5   - The objection is sustained; the testimony is irrelevant.

  2. Deposition of Donald Stringfellow, III

       A.  Page 58, Line 11 - Page 70, Line 21  – The objection is sustained.  The requisitions occurred after plaintiff's alleged accident. Additionally, testimony that Mr. Stringfellow reviewed the April 7, 2008 inspection report is not probative.  The Court has previously concluded that Mr. Finley, who held the same position as plaintiff, can testify concerning the April 7, 2008 report.  With respect to the testimony related to the  July 24, 2009 inspection report, the Court sustains the objection; the Court has previously excluded that report from  evidence.  Moreover, the

probative value of the testimony is substantially outweighed by the danger of unfair prejudice to the defendant.

      B.  Page 76, Line 7 - 10  - The objection is sustained; the testimony is not relevant.

New Orleans, Louisiana, this 19th day of January, 2011.

                          STANWOOD R. DUVAL, JR.
                          UNITED STATES DISTRICT JUDGE