UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES WALTER WILLIAMSON				CIVIL ACTION

VERSUS							NO. 09-4539

HERCULES OFFSHORE, INC.				SECTION "K"(1)

ORDER AND OPINION

Before the Court are plaintiff James Williamson's objections to certain portions of depositions that will be read to the jury during trial. The Court rules as follows:

1. Deposition of Dr. David McKellar, Page 31, Line 3 - Page 32, Line 4

The objection is sustained. Defendant contends that the testimony at issue is relevant because since "the jury will be asked to compensate Williamson for this future treatment, it is reasonable to ask the doctor about his personal experience dealing with patients that have been provided with a lump sum award for his future services." Doc. 86, p.2. That however is not the question asked of Dr. McKellar by counsel for defendant. Rather, counsel for defendant asked Dr. McKeller whether patients who are involved in litigation that has resolved stop coming to see Dr. McKeller. Dr. McKellar's testimony on this point is not relevant.

2. Deposition of Donald Stringfellow, Page 76, Line 16 - Page 77, Line 4

The objection is overruled. The testimony is relevant to the issue of the intended scope of plaintiff's assignment to check the brake popping breaker and whether it was foreseeable that plaintiff would attempt to check the wire connections behind the breaker.

3. Deposition of Dan Finley

A. Page 88, Line 23 - Page 89, Line 3 - The objection is overruled. The disputed

question was based on Mr. Finley's familiarity with the lineman's gloves available for use in the SCR room and his knowledge of the breaker at issue.

      B.  Page 93, Lines 16-21  - The objection is sustained; the question was not restricted to Mr. Finely's personal knowledge, and it cannot be determined from Mr. Finley's answer whether he had personal knowledge that plaintiff selected "the basic steps that would be required to accomplish the goal of checking the popping brakes."

      C.  Page 94, Lines 2-3, 7-8 - The objections are overruled; the leading nature of the questions results in no prejudice to plaintiff.

      D.  Page 94, Lines 12 - 16 - The objection is sustained.  The question is not restricted to the deponent's personal knowledge of the cause of plaintiff's accident, and no foundation for the questions had been laid.

      E.  Page 95, Lines 8 - 14 - The objection is sustained; no foundation for the question was established.  Moreover, because Mr. Finley is not being offered as an expert witness the question is improper.

      F.  Page 96, Lines 3-6  - The objection is sustained.  The question is not restricted to the deponent's personal knowledge, and no foundation for Mr. Finley's personal knowledge of the size of Mr. Williamson's hand has been established.

      G.  Page 97, Lines 6- 14  - The objection is overruled. The testimony is relevant and the leading nature of the question  results in no prejudice to plaintiff.

      H.  Page 97, Lines 18 - 21 - The objection is overruled.  The testimony is relevant and the leading nature of the question results in no prejudice to plaintiff.

      I.  Page 97, Line 22  - Page 98, Line 8  - The objection is sustained. The testimony is speculative.

  J.  Page 98, Lines 16 - Page 99, Line 1  - The objection is overruled.   The testimony is relevant and is within the personal knowledge of the deponent.  Moreover the probative value of the testimony is not substantially outweighed by the danger of unfair prejudice to plaintiff.

 New Orleans, Louisiana, this 19th day of January, 2011.

              _____
               STANWOOD R. DUVAL, JR.
               UNITED STATES DISTRICT JUDGE