UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES WALTER WILLIAMSON, JR.                                         CIVIL ACTION

VERSUS                                                                                        NO.  09-4539

HERCULES OFFSHORE, INC.                                           SECTION "K"(1)

**ORDER AND REASONS**

Before the Court is Hercules Offshore, Inc.'s Motion to Stay Proceedings to Execute and/or Enforce Judgment Pending Appeal.  Defendant Hercules Offshore, Inc. ("Hercules") seeks to stay execution of the judgment pending appeal pursuant to Fed. R. Civ. P. 62(d) which provides, in relevant part, "If an appeal is taken, the appellant may obtain a stay by supersedeas bond, . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal.  The stay takes effect when the court approves the bond."  Local Rule 62.2 provides "A supersedeas bond staying execution of a money judgment must be in the amount of the judgment plus 20% of that amount to cover interest, costs and any damages award, unless the court directs otherwise."

On January 31, 2011, the Court entered judgment on a jury verdict in the amount of $2,225,000.00 with legal interest thereon from date of judgment and all costs. (Doc. 108).  Hercules opines that counsel for plaintiff and defendant have conferred and have been unable to agree to an appropriate amount.  In this motion, Hercules seeks the Court's approval of a bond in the amount of $2,235,000.00 or $10,000 more than the judgment itself.  The local rule requires a bond in the amount of $2,225,000 plus $445,000 which is the amount of judgment plus 20% or $2,670,000.  In essence, Hercules seeks to ignore the local rule and to create what it considers a reasonable bond based its own calculations using the current post-judgment interest rate for a

term that it considers reasonable for the time for the appeal (one year) plus what it considers to be a reasonable amount of costs.  As grounds for this departure from the local rule, Hercules argues that because it is a publicly traded company that operates worldwide and has significant assets that could be used to satisfy the judgment, it is not a credit risk and the Court should ignore its own rule.

This self-serving statement is devoid of any evidence to support this contention.  However, generally,  as noted by Judge Africk in *Little v. Transocean Offshore U.S.A., Inc.*, 2004 WL 162903 (E.D.La. Jan.21, 2004):

> should a court choose 'to depart from the usual requirement of a full security supersedeas bond. . . it should place the burden on the moving part to objectively demonstrate the reasons for such a departure.' *Popular Grove Planting and Refining Co. v. Bach Halsey Stuart, inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979).  The opposing party has no obligation to introduce evidence to the contrary.

*Id.* at *1citing *Hamlin v. Charter Township of Flint,* 181 F.R.D. 348 (E.D. Mich. 1998).  This burden  results in the appellant being required to present a financially secure plan for maintaining the same degree of solvency during the period of an appeal.  *Id.*  Hercules has provided no such evidence.   As such, the Court finds no merit in the motion and see no justification as to why it should ignore its own rule.  Accordingly,

**IT IS ORDERED** that the defendant's motion to stay execution of the judgment pending appeal is **GRANTED** upon the posting of a supersedeas bond in the amount of $2,670,000.  Execution of the judgment is hereby **STAYED** for a period of ten days to allow the defendant

sufficient time to post a supersedeas bond in that amount.  If the defendant posts a bond in the required amount within ten days, execution of the judgment is hereby **STAYED** during the pendency of the appeal.

New Orleans, Louisiana, this 23rd day of March, 2011.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**